IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Rebecca A. Dean, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-cv-38 |
| v. | ) | |
| | ) | **REPORT AND** |
| Social Security Administration | ) | **RECOMMENDATION** |
| Commissioner, Michael J. Astrue, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Rebecca A. Dean (hereinafter "Dean," "plaintiff," or "claimant") initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (Tr. 9-21). Both parties have moved for summary judgment (Doc. #14, Doc. #19), or in the alternative, plaintiff has moved to remand for additional administrative proceedings. (Doc. #14).

**Summary of Recommendation**

Substantial evidence on the record as a whole supports the Administrative Law Judge's determination that Dean is not disabled. Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

**Background**

Dean protectively filed her application for disability insurance benefits on January 30, 2007 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. She alleged a disability onset date of December 11, 2006. (Tr. 130). Dean's application was denied initially and on reconsideration. She requested a hearing, which was held on July 15, 2009. Dean appeared with her attorney and testified at the hearing. Medical Expert Steven Carter and Vocational Expert

Warren L. Haagenson also testified. The Administrative Law Judge ("ALJ") issued his decision on August 25, 2009, finding plaintiff was not disabled. (Tr. 9-21). Dean requested review of the ALJ's decision. The Appeals Council denied Dean's request for review, making the decision of the ALJ the Commissioner's final decision.

Dean was 40 years old at the time of the hearing. (Tr. 26). She completed high school (Tr. 27) and has worked as a customer service representative, a cashier, and in security. (Tr. 35-38). Dean alleges she is disabled due to affective disorder, anxiety disorder, thoracic scoliosis, obesity, and asthma.

## Legal Standard

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find substantial evidence appearing in the record as a whole supports the decision. See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). "This standard requires a more searching review than the substantial evidence standard, and [the court will] take into account record evidence that fairly detracts from the ALJ's decision." Tilley v. Astru, 580 F.3d 675, 679 (8th Cir. 2009) (citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)). The court must "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)). See also, Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is

2

not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained.").

## Discussion

The ALJ employed the familiar five-step test to determine whether Dean was disabled.[1] The ALJ determined plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 11). He found Dean has the following severe impairments that do not meet or equal any listed impairments, which finding is not in dispute: affective disorder, anxiety disorder, thoracic scoliosis, obesity, and asthma. (Tr. 11-15). The ALJ found Dean's tailbone pain and neurofibromatosis to be non-severe impairments. (Tr. 11). He determined Dean is unable to perform any past relevant work, but she can perform other work as a hand packager or non-postal mail clerk. (Tr. 19-20).

## Medical Opinions

Plaintiff contends the ALJ failed to specify the weight accorded to the opinions of her treating sources.[2] Plaintiff only refers to the opinion of her treating psychiatrist, Dr. Elsa M. Remer, who in January of 2007 assessed plaintiff as having a Global Assessment of Functioning

---

[1] The five steps are: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1; (4) whether the claimant can return to his past relevant work; and (5) whether the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(5)(i)-(v).

[2] Within plaintiff's main argument plaintiff stated that the ALJ should not have given the non-examining medical expert's opinion great weight when the opinion is inconsistent with the opinion of a treating physician. However, plaintiff does not state how the medical expert's opinion is inconsistent with an opinion of any of the treating physicians, and she does not identify the treating physician to which she refers.

3

("GAF") score of 45-50,[3] and who in May of 2007 stated that "[a]t this time, because of [plaintiff's] anxiety and continued mood instability, she is not capable of working." (Tr. 299, 442). Dr. Remer never opined as to what Dean's functional limitations were beyond the one-time GAF score and the statement that Dean was not capable of working.

Dr. Remer saw the plaintiff a total of nine times. (Tr. 293-94, 295-300, 441-42, 453-454, 480-81, 482-83, 484-85, 497-499, 501-02). The medical records reveal that Dr. Remer assessed plaintiff's GAF score only once, which was during Dean's initial appointment with Dr. Remer approximately three weeks after Dean had "walked off the job site." (Tr. 295-300). Plaintiff's GAF score was assessed by other medical professionals as 50 on four occasions, 52 on one occasion, 55 on one occasion, 55-60 on one occasion, 60 on one occasion, 60-65 on three occasions, and 65-70 on one occasion.[4] (Tr. 310, 459, 588, 594, 596, 597, 603, 606, 607, 610, 615, 618). Eight out of thirteen scores indicate Dean had moderate or some mild symptoms. Contrary to plaintiff's assertion, this is not a case where Dean consistently had GAF scores indicating serious impairments. Cf. Pate-Fires v. Astrue, 564 F.3d 935 (8th Cir. 2009) (case remanded where the ALJ failed to consider the claimant's GAF history where claimant was above 50 only four out of twenty-one times and had scores as low as 10 and 20).

The Commissioner has "declined to endorse the GAF scales to evaluate Social Security claims because the scales do not have a direct correlation to the severity requirements in mental

---

[3] A score of 41-50 indicates serious symptoms or any serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., American Psychiatric Association 2000).

[4] A score of 51-60 indicates moderate symptoms or any moderate impairment in social, occupational, or school functioning, and a score of 61-70 indicates some mild symptoms or some difficulty in social, occupational, or school functioning, "but generally functioning pretty well, has some meaningful interpersonal relationships." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., American Psychiatric Association 2000).

4

disorders listings." Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010) (citing 65 FR 50746, 50764-65 (August 21, 2000)). "[A] Global Assessment Functioning Score is not, standing alone, sufficient ground to reverse a disability determination." Jones, 619 F.3d at 973 (citing Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) (A GAF score is not "essential" to determining an individual's residual functional capacity)); see also Kornecky v. Comm'r of Soc. Sec., 167 Fed.Appx. 496, 511 (6th Cir.2006) ("[A]ccording to the [Diagnostic and Statistical Manual's] explanation of the GAF scale, a score may have little or no bearing on the subject's social and occupational functioning . . . . [W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place.").

As to Dr. Remer's statement in May of 2007 that Dean was incapable of working, opinions on whether a claimant is disabled or unable to work are reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1). Furthermore, plaintiff has not established the ALJ failed to consider Dr. Remer's statement. "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (2000).

While it is true that the ALJ did not specify the weight afforded to Dr. Remer's opinion, the plaintiff overlooks the fact that Dr. Remer never provided an opinion as to what Dean's functional limitations were beyond simply noting a GAF score and opining that plaintiff could not work. Had Dr. Remer provided an opinion as to what Dean's functional limitations were, the ALJ would have been required to specify the weight afforded the opinion.

After carefully reviewing the entire record, it appears the ALJ's failure to state the weight he gave to Dr. Remer's opinion was harmless error. This is especially true considering that Dr. Remer's treatment notes mainly consisted of a "session focus" where Dr. Remer would note the

5

things plaintiff related to her, a "mental status exam" where Dr. Remer would write her observations of Dean,[5] and a "treatment plan" where Dr. Remer would note medication changes.[6] (Tr. 293-94, 295-300, 441-42, 453-54, 480-81, 482-83, 484-85, 497-99, 501-02). The treatment records contain no opinion as to plaintiff's functional limitations which were entitled to weight in the ALJ's findings. The ALJ was not required to give weight to Dr. Remer's opinion that plaintiff was unable to work or to the GAF score.

### Subjective Complaints

"An adjudicator may not disregard a claimant's subjective complaints solely because the medical evidence does not fully support them," or solely based on personal observations. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Several factors must be considered in analyzing a plaintiff's subjective complaints:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

Id.; see also 20 C.F.R. § 416.929(c)(3). "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id.

The ALJ found that Dean's statements concerning the intensity, persistence, and limiting

---

[5] The court notes that plaintiff has not alleged that Dr. Remer's observations are inconsistent with the ALJ's findings or the medical expert's findings.

[6] The statement that plaintiff could not work was within the "treatment plan" section of Dr. Remer's notes, but that is the only time Dr. Remer provided any opinion as to Dean's potential functional limitations within her notes.

6

effects of her fatigue and mental impairments are not credible to the extent they are inconsistent with her residual functional capacity assessment. (Tr. 15). Dean contends the ALJ erred in not analyzing her subjective complaints in accordance with 20 C.F.R. § 416.929(c)(3), but rather the ALJ supported his finding with his own opinion that Dean lacked any motivation to work.

The ALJ summarized Dean's medical records and her activities of daily living. (Tr. 15-19). In doing so he discussed the medical records written by Dean's therapist, Lynhea Ritz. (Tr. 18). The ALJ summarized the medical records as follows:

> On December 14, 2006, the claimant saw therapist Ritz, who encouraged the claimant to look at other type [sic] of work rather than customer service area, as her tolerance of customers was low. (Ex. 11F). On January 16, 2007, the claimant's therapist, Lynhea Ritz, MSW, LICSW, gave the claimant a blank daily schedule to track her "actual" activities and time spent at each activity. She was to include her appointments, naps, and unplanned errands. (Ex. 11F). The claimant's therapists' actions suggest they believed the claimant could perform work in some capacity. Thus, it appears the plaintiff lacked motivation to work. She was able to draw private disability before the hearing. (Testimony). Thus, there does not appear to be any motivation to work from a monetary stand point.

(Tr. 18). Dean contends the ALJ misconstrued Therapists Ritz's statements in Dean's medical records. She argues the therapist did not conclude that Dean is capable of working, but is not motivated to do so.

While it is true that the ALJ left out some of Therapist Ritz's statements, and there are records indicating that Dean felt guilty over not contributing financially to the family (Tr. 304, 307, 442, 446, 482), there are other records that support the ALJ's conclusion. Therapist Ritz stated that Dean "is to . . . begin some job exploration through Job Service and Vocational Rehabilitation," she will see Dean on a weekly basis "to identify skills that she can use to motivate herself as well as looking at re-entering the employment arena," Dean "exhibit[s] low motivation, some passive-aggressive traits as far as identifying what she can do to help herself

7

get better or begin to look for employment," Dean "works very hard at finding things or accomplishing tasks that will facilitate ongoing disability, such as looking for financial assistance through Worker's Compensation," Dean "also work[s] very hard at completing the short-term disability and moving into the long-term disability through her employer," and Dean is "very oriented toward maintaining unemployment." (Tr. 303, 304). Also, Dr. Remer stated that Dean "seems to be rather passive in wanting to get better." (Tr. 498). An ALJ may discount a plaintiff's subjective complaints if she appears motivated to qualify for disability benefits. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (citing Gaddis v. Charter, 76 F.3d 893, 896 (8th Cir. 1996)). "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Baker v. Heckler, 730 F.2d 1147, 1150-51 (8th Cir.1984). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." Mapes v. Chater, 82 F.3d 259, 262 (8th Cir.1996).

Dean also contends the ALJ erred in discounting her complaints of fatigue, finding that her fatigue should be controlled with the CPAP machine she was prescribed in May of 2009, and that her fatigue in 2009 appears to be related to donating platelets, "which is not impairment related." (Tr. 19). Plaintiff contends her fatigue is not related to donating platelets, and is instead caused by her sleep apnea and iron deficiency anemia.

Dean and the ALJ agree that plaintiff's fatigue is related to her sleep apnea. Plaintiff takes issue with the ALJ's statement that it also could be related to her donating platelets. A doctor noted that Dean had been donating platelets and stated that "the last several times when [Dean] has been in to give her [hematocrit] has been low. She has been tired." (Tr. 527).

8

Plaintiff is correct that the doctor did not directly state that Dean's fatigue was caused by donating platelets. Plaintiff may also be correct that her fatigue may be due to anemia. However, the court notes that another doctor stated, "Her fatigue is disproportionate to mild anemia. I suspect this could be due to sleep deprivation related to her sleep apnea." (Tr. 518).

Whether Dean's fatigue was caused by sleep apnea and donating platelets, or sleep apnea and anemia is not important. The ALJ noted Dean's fatigue and stated that she "does not appear to be too limited by it. She is able to go about her activities of daily living with little problem." (Tr. 19). The ALJ went on to list Dean's activities of daily living,[7] none of which plaintiff disputes. "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [the court] will normally defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (citation omitted). The ALJ's finding regarding plaintiff's subjective complaints is supported by substantial evidence in the record as a whole.

## Conclusion

After considering the errors alleged by Dean and the record as a whole, the magistrate judge is satisfied that substantial evidence supports the ALJ's findings and conclusions that plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that plaintiff's motion for summary judgment, or in the alternative, plaintiff's motion to remand (Doc. #14) be **DENIED**. It is further **RECOMMENDED** that defendant's motion for summary judgment (Doc. #19) be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

---

[7] Since the alleged onset date of disability, Dean has engaged in numerous activities such as visiting her sister in Florida, traveling to Michigan on two occasions to take care of sick relatives, doing housework, cooking, shopping, playing computer games, cross-stitching, babysitting, and attending church and bible study. (Tr. 39-45, 172, 223, 241, 309, 459, 484, 501, 595, 605, 607, 623).

**Notice of Right to Object**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 5th day of August, 2011.

                                                                /s/ *Karen K. Klein*
                                                                Karen K. Klein
                                                                United States Magistrate Judge